**E-FILED**
Wednesday, 24 June, 2009  03:06:25 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 09-CR-30036 |
| | ) | |
| JUSTIN D. WEAVER, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION TO COMPEL COMPLIANCE
## WITH SUBPOENA TO PRODUCE DOCUMENTS

The United States of America by its attorney, Rodger A. Heaton, United States

Attorney for the Central District of Illinois, and Assistant United States Attorney Elly

M. Peirson hereby moves this Court to issue an order compelling Microsoft Corporation

and/or MSN, Inc. (hereinafter "Microsoft/MSN"), to provide the information specified

in the trial subpoena to produce documents previously issued to Microsoft/MSN by

this Court pursuant to F.R.C.P. Rule 17(c).  In support of this Motion, the United States

avers and alleges as follows.

### Statement of Facts

On May 15, 2009, the United States submitted to the Clerk of this Honorable

Court a trial subpoena requiring Microsoft/MSN to produce certain records and other

information associated with the account radar_rfr15@hotmail.com, an account

associated with the defendant.  The Clerk of the Court, by her deputy, issued said trial

subpoena at the government's request on May 15, 2009 and it was executed on May 19, 2009 via facsimile, a method acceptable by Microsoft/MSN.  In its subpoena, the United States stated that it was seeking to compel production of the "contents of electronic communications (not in 'electronic storage' as defined by 18 U.S.C. § 2510(17))."  The trial subpoena further clarified the government's position regarding the electronic communications sought by stating, "[c]ontents of communications not in 'electronic storage' include the contents of previously opened or sent email.  The government does not seek to compel disclosure of unopened email." A copy of the trial subpoena is attached as Exhibit 1.  In addition, the government complied with the notice requirement of 18 U.S.C. § 2703(b)(B)(i) to the subscriber of the email account, believed to be the defendant, by sending a letter the defendant's attorney, Mr. Peter Wise on May 13, 2009.  See letter providing notice to defendant attached as Exhibit 3.

Microsoft/MSN produced some of the information regarding the account specified by the trial subpoena, but it failed to produce the content of previously accessed, viewed, or downloaded e-mail stored for less than 181 days.  Counsel for the United States contacted counsel for Microsoft/MSN in an unsuccessful attempt to obtain compliance with the subpoena.  Counsel for Microsoft/MSN subsequently provided to the United States with a letter dated June 18, 2009, citing Theofel as the basis for its refusal to comply with the trial subpoena.  Counsel for Microsoft/MSN requested that the United States include with its motion a copy of this letter in order to apprise the Court of the good faith basis for Microsoft/MSN's objection to the trial

subpoena.  A copy of Microsoft/MSN's letter is attached as Exhibit 2.  Microsoft/MSN does not currently anticipate filing a response to this motion to compel other than this letter.  It has agreed that if it should seek to file a further response to this motion, it will notify the United States (who will in turn notify the Court) within one week of the filing of this motion.

This memorandum sets forth why this Court should require Microsoft/MSN to comply in full with the trial subpoena.

**Argument Summary**

Microsoft/MSN's assertion that <u>Theofel</u> requires it to refuse to produce copies of previously opened subscriber e-mail as required by the trial subpoena is unjustified. Section 2703 of the Stored Communications Act, 18 U.S.C. §§ 2701-2712 ("SCA"), permits the government to compel disclosure of previously opened e-mail pursuant to a subpoena or 2703(d) order because previously opened e-mail does not fall within the scope of  "electronic storage" as that term is defined in 18 U.S.C. § 2510(17).

The scope of "electronic storage" is critical to law enforcement because under § 2703(a) of the SCA, the government may compel production of electronic communications in "electronic storage" for less than 181 days only using a warrant based on probable cause.  In contrast, § 2703(b) of the SCA allows the government to compel production of other stored communications that do not fall within the statutory definition of "electronic storage" using a trial subpoena or a 2703(d) order.

The statutory language, structure, and legislative history of the SCA make clear

that previously opened subscriber e-mail is not in "electronic storage." "Electronic storage" means "(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. § 2510(17). Storage of previously opened e-mail does not fall within the subsection (A) of this definition because its storage is no longer temporary, intermediate, or incident to transmission. It does not fall within the subsection (B) of this definition because that subsection includes only copies of electronic communications stored by a service provider for its backup protection. Thus, previously opened e-mail is not in "electronic storage," and § 2703(b) and F.R.C.P. Rule 17(c) allows the government to obtain a trial subpoena to compel its production. This Court should, therefore, require Microsoft/MSN to comply with the subpoena and produce the specified communications in the radar_rfr15@hotmail.com account.

## Argument

Section 2703 of the SCA sets forth the procedures that law enforcement officers must follow to compel disclosure of communications stored by an e-mail service provider. The structure of Section 2703 is based on Congress's determination that an e-mail service provider offers two conceptually distinct services to its customers. First, an e-mail provider transmits e-mail from one party to another, a service analogous to traditional mail service. Second – and unlike the traditional postal service – e-mail providers offer a storage service for e-mail that is no longer in the course of

4

transmission.  After a user sends or receives an e-mail, he may choose to have his service provider store a copy of the e-mail indefinitely on its servers.  Congress recognized that post-transmission e-mail stored "for later reference" was "subject to control by a third party computer operator."  S. Rep. No. 99-541 (1986) at 3, reprinted in 1986 U.S.C.C.A.N. 3555, 3557.

In particular, the SCA distinguishes between the storage of e-mail incident to transmission and its post-transmission storage through a dichotomy between communications in "electronic storage" and communications stored by a "remote computing service."  See 18 U.S.C. §§ 2510(17), 2711(2).  In the SCA context, "electronic storage" has a narrow, statutorily defined meaning.  It does not simply mean storage of information by electronic means.  Instead, "electronic storage" is "(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication."  18 U.S.C. § 2510(17).  The SCA defines "remote computing service" to mean "provision to the public of computer storage or processing services by means of an electronic communications system."  18 U.S.C. § 2711(2).

The SCA provides a higher level of privacy protection for communications in "electronic storage" than for communications held by a remote computing service. Section 2703(a) provides that "[a] government entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic

5

communication, that is <u>in electronic storage</u> in an electronic communications system for

one hundred and eighty days or less, <u>only</u> pursuant to a warrant . . ." (emphasis added).

Thus, law enforcement can generally compel disclosures of e-mail "in electronic

storage" for less than 181 days only upon a showing of probable cause.[1]  In contrast,

§ 2703(b)(1) allows law enforcement to compel a provider of "remote computing

service" to disclose the contents of an electronic communication by means of a

subpoena or a § 2703(d) order, as well as with a warrant.[2]  Thus, prosecutors can obtain

access to files stored with a remote computing service using a standard lower than

probable cause.

As explained below, previously accessed e-mail stored by an ISP on behalf of a

customer  is not in "electronic storage" because it is neither in temporary intermediate

storage incident to transmission, nor is it held by a service provider for purposes of

---

[1]    E-mail in "electronic storage" for more than 180 days can be obtained by the government pursuant to a subpoena or 2703(d) order.  <u>See</u> 18 U.S.C. § 2703(a) (stating that such communications can be compelled "by the means available under subsection (b) of this section").  Congress recognized that such e-mail "is closer to a regular business record maintained by a third party and, therefore, deserving of a different standard of protection" than e-mail in electronic storage for less than 181 days.   H.R. Rep. No. 99-647, at 68 (1986) .

[2]    If the government uses a subpoena or a § 2703(d) order, it is required by § 2703(b)(1)(B) to give prior notice to the subscriber or to comply with delayed notice procedures set forth in § 2705(a).  A 2703(d) order requires the government to offer "specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  In this case notice was provided to the defendant through his attorney, see letter to Mr. Peter Wise, attached as Exhibit 3.

backup protection.  Instead, such e-mail falls squarely within the SCA's definition of communications held by a remote computing service, and the Court can therefore order its production using a subpoena.

## I. Previously accessed e-mail is not in "electronic storage" as defined by § 2510(17)(A)

"Electronic storage" is defined to mean "(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication."  18 U.S.C. § 2510(17).  Here, there is no dispute that previously opened e-mail messages stored by a service provider for a customer do not fall within the scope of the first component of this definition. Such e-mail messages are not in "temporary, intermediate storage," and they are not stored incident to transmission.  See Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 114 (3d Cir. 2004) (stating that e-mail in post-transmission storage was not in "temporary, intermediate storage").  For example, in Snow v. DIRECT TV, Inc., 2005 WL 1226158, at *3 (M.D. Fla. May 9, 2005), the court held that information stored on a website was not in "electronic storage" because communications are in "electronic storage" when "stored for a limited time in the middle of a transmission, *i.e.* when an electronic communication service temporarily stores a communication while waiting to deliver it."  See also In re Doubleclick Inc. Privacy Litigation, 154 F. Supp.2d 497, 511-13 (S.D.N.Y. 2001) (emphasizing that "electronic storage" should have a narrow interpretation based on statutory interpretation and legislative intent).

An example illustrates how the "intermediate storage" portion of the definition of "electronic storage" works in practice.  Suppose Sender@yahoo.com sends an e-mail to Recipient@hotmail.com.  When the e-mail is sent, it will stream across the Internet until it reaches Microsoft/MSN's servers, and a copy is stored in Recipient's inbox.  Before Recipient accesses the e-mail, it is in "electronic storage" in Recipient's inbox because it is being stored at an intermediate point incident to its ultimate transmission to Recipient.  Once Recipient retrieves the e-mail, he can delete the message or continue to store it with Microsoft/MSN.  If he continues to store it with Microsoft/MSN, it is no longer in temporary, intermediate storage incident to transmission.  Instead, Microsoft/MSN is merely storing the e-mail for Recipient.  At that point, Microsoft/MSN is providing remote computing service for Recipient with respect to the e-mail message from Sender.

## II.  Previously accessed e-mail does not fall within the scope of § 2510(17)(B)

### A.    E-mail stored by an ISP to protect against system failure is stored "for purposes of backup protection"

Previously accessed e-mail also does not fall within the scope of § 2510(17)(B), the "backup" subsection of the definition of electronic storage.  By its terms, this subsection is restricted only to storage "by an electronic communication service for purposes of backup protection."  This definition encompasses backup copies made by an electronic communication service to protect against system failure.

In this context, it is useful to consider what the term "backup" meant to the drafters of the SCA.  In 1986, providers of electronic communication service commonly

stored copies of files to protect against system failure.  It would have made little sense

for Congress to have provided strong protections to e-mail stored during the course of

transmission while providing little protection for the backup copies of those e-mails

made by the service providers while in transmission.  Thus, Congress crafted § 2510(17)

to protect backup copies made of e-mail being stored incident to transmission, as well

as the e-mail communications themselves while in transmission.  For example, the

House Report on the SCA states:

> The Committee recognized that electronically stored communications can
> be of two types.  The first type of stored communications are those
> associated with transmission and incident thereto.  The second type of
> storage is of a back-up variety.  Back up protection preserves the integrity
> of the electronic communication system and to some extent preserves the
> property of the users of such a system.

H.R. Rep. No. 99-647, at 68 (1986).[3]  By including backup protections within the

definition of "electronic storage," Congress ensured that backups made of

communications in storage incident to transmission would receive the same degree of

protection as the underlying communications.

The language of § 2704 of the SCA further confirms that the "backup" provision

---

[3]     Contemporaneous accounts of the drafting of the SCA also demonstrate that the
"backup" component of § 2510(17) refers to backup copies made by e-mail service
providers to protect their systems.  For example, a January 1986 article in the
Washington Post noted that "The key sticking point in the current [SCA] negotiations
has been the privacy rights of electronic mail. Justice Department officials have told the
electronic mail industry that their service is different from paper mail in more than just
the obvious: They keep copies of electronic letters as a backup against a system 'crash'
and for billing."  Patrick E. Tyler, "Electronic Messages And Privacy Rights Congress,
Justice Department Debating What Protections Computer Mail Will Enjoy,"
Washington Post, Jan. 20, 1986, at A17.

of § 2510(17)(B) is limited to copies made by service providers.  Section 2704, which was drafted contemporaneously with § 2510(17)(B), provides that a subpoena or court order may include a provision requiring a service provider to "create a backup copy" of the contents of targeted electronic communications.  18 U.S.C. § 2704(a)(1).  This language demonstrates that the drafters of the SCA understood a "backup copy" to mean a duplicate copy made by a service provider to ensure preservation of a file.  This conclusion is further strengthened by the discussion of § 2704 in the House Report on the SCA, which noted that "if a service [provider] maintains back-up copies as part of its regular business activities, it does not have to create a new copy."   H.R. Rep. No. 99-647, at 70 (1986).  This passage shows that the drafters of the SCA understood "backup" in the traditional limited sense:  copies made by an electronic communication service to ensure system integrity.

Countless district courts and magistrates have relied on this narrow interpretation of the backup portion of the definition of "electronic storage" since the 1986 enactment of the SCA, as the government has used 2703(d) orders to compel production of previously opened e-mail since that time.  In addition, the narrow interpretation of  § 2510(17)(B) was explicitly adopted by district courts in In re Grand Jury Subpoena Issued Pursuant to 18 U.S.C. Section 2703(b)(1)(B), (M.D. Ga. Apr. 29, 2005) (attached as Exhibit 4) and Fraser v. Nationwide Mut. Ins. Co., 135 F. Supp. 2d 623, 636 (E.D. Pa. 2001), aff'd in part on other grounds 352 F.3d 107, 114 (3d Cir. 2004) (affirming the SCA portion of the district court's ruling on other grounds).

In re Grand Jury Subpoena Issued Pursuant to 18 U.S.C. Section 2703(b)(1)(B) is indistinguishable from this case.  In that case, as in this case, MSN Hotmail refused to comply with a subpoena for previously opened e-mail, citing the Ninth Circuit's holding in Theofel.  See id. at 3.  The court rejected Hotmail's argument, holding that the targeted e-mails "are not in 'electronic storage'" and that Homail therefore "may be compelled to produce the emails through a grand jury subpoena."  Id. at 7.  The court explained that "electronic storage" is "the storage of an email that is incidental to transmission and for the purposes of backup protection of the ISP."  Id. at 5.

The district court in Fraser also endorsed this more tailored interpretation of "electronic storage."  In Fraser, an employee sued his employer after the employer retrieved his previously accessed e-mail.  The district court held that such e-mails were not in "backup" storage under § 2510(17)(B):

> Part (B) of the definition refers to what I previously defined as back-up protection storage, which protects the communication in the event the system crashes before transmission is complete.   The phrase "for purposes of backup protection of such communication" in the statutory definition makes clear that messages that are in post-transmission storage, after transmission is complete, are not covered by part (B) of the definition of "electronic storage".

Fraser, 135 F. Supp.2d at 636.  Fraser is correct: the "backup" portion of the definition of "electronic storage" refers to copies made by an ISP to ensure system integrity, and it does not include files archived with an ISP by a customer.  Thus, previously opened e-mail is not in "electronic storage."  See also United States v. Jackson, 2007 WL 3230140, at *6 (D.D.C. Oct. 30, 2007) (granting the United States' application for a 2703(d) order

for text messaging communications).

**B.**    **The Ninth Circuit's expansive interpretation of "backup protection" is inconsistent with the language and structure of the SCA, as well as other cases interpreting the SCA**

This more tailored  interpretation of "electronic storage" was erroneously rejected by the Ninth Circuit in <u>Theofel v. Farey-Jones</u>, 359 F.3d 1066 (9th Cir. 2004), the case that Microsoft/MSN cites as the basis for its refusal to produce the contents of opened e-mail in the radar_rfr15@hotmail.com account.  In <u>Theofel</u>, the Ninth Circuit held that e-mail messages were in electronic storage regardless of whether they had been previously accessed because it concluded that retrieved e-mail fell within the backup portion of the definition of "electronic storage."  <u>Id.</u> at 1077.  The Ninth Circuit's decision, however, is contrary to the SCA's language, structure, and legislative history, and it obliterates the SCA's distinction between communications in electronic storage and communications in a remote computing service.  This Court is not bound by the decision in <u>Theofel</u> and should decline to follow its holding.[4]

<u>Theofel</u> arose out of a discovery dispute in a commercial litigation.  Farey-Jones, the defendant in the commercial litigation, subpoenaed an ISP which provided e-mail to a corporation associated with the <u>Theofel</u> plaintiffs.  The subpoena contained no limits

---

[4]In addition, the SCA makes doubly clear that Microsoft/MSN cannot be held liable in a civil suit in the Ninth Circuit for compliance with this Court's order.  First, 18 U.S.C. § 2703(e) specifies that "[n]o cause of action shall lie in any court against any provider . . . for providing information, facilities, or assistance in accordance with the terms of a court order . . . under this chapter."  Second, 18 U.S.C. § 2707(e)(1) provides a "complete defense to any civil or criminal action brought under this chapter or any other law" when a provider relies in good faith on a court order.

12

based on time or scope.  After some e-mail was produced by the ISP and reviewed by

Farey-Jones, a magistrate quashed the subpoena, finding it "massively overbroad" and

"patently unlawful."  Id. at 1071-72.  Following the quashing of the subpoena, the

plaintiffs brought suit against Farey-Jones under § 2707 of the SCA for a violation of

§ 2701, which provides criminal penalties and civil liability for one who "intentionally

accesses without authorization a facility through which an electronic communication

service is provided . . . and thereby obtains, alters, or prevents authorized access to a

wire or electronic communication while it is in electronic storage."  18 U.S.C. § 2701

(emphasis added).

　　　　After the district court dismissed the SCA claim, the Ninth Circuit reversed.  One

issue addressed by the Ninth Circuit was whether the e-mail messages accessed by

Farey-Jones fell outside the scope of § 2701 because they were not "in electronic

storage."  Although the Ninth Circuit did not dispute that previously accessed e-mail

was not in temporary, intermediate storage within the meaning of § 2510(17)(A), it

insisted that previously accessed e-mail fell within the scope of the "backup" portion of

the definition of "electronic storage":

> An obvious purpose for storing a message on an ISP's server after delivery
> is to provide a second copy of the message in the event that the user needs
> to download it again--if, for example, the message is accidentally erased
> from the user's own computer.  The ISP copy of the message functions as a
> "backup" for the user.  Notably, nothing in the Act requires that the
> backup protection be for the benefit of the ISP rather than the user.
> Storage under these circumstances thus literally falls within the statutory
> definition.

Theofel, 359 F.3d at 1075.  See also Bailey v. Bailey, 2008 WL 324156, at *6 (E.D. Mich.

Feb. 6, 2008) (following Theofel).

The Ninth Circuit's holding is incorrect, and this court should reject it. As an initial matter, there is no way for a service provider to determine whether a previously opened e-mail on its servers is a backup for a copy of the e-mail stored by a user on his computer. A service provider simply cannot know whether the underlying e-mail remains stored on the user's computer: when a service provider stores a retrieved e-mail for a customer, it has no way to determine whether it will be keeping a second stored copy of the e-mail. This fact is fatal for the Ninth Circuit's approach. Indeed, even the Ninth Circuit recognized that "[w]here the underlying message has expired in the normal course, any copy is no longer performing any backup function." Theofel, 359 F.3d at 1076. Thus, if the user chooses to have Microsoft/MSN continue to store the only copy of an e-mail, it simply cannot be stored for purposes of "backup protection" under § 2510(17)(B), even under the Ninth Circuit's own reasoning. This Court should reject the Ninth Circuit's reasoning in Theofel because it confuses "backup protection" with ordinary storage of a file.

Significantly, under the Ninth Circuit's approach to "electronic storage," backups made by a service provider to protect against system failure receive limited protection from the SCA. Providers of electronic communication service may make backups of their system and archive these backups for long periods of time. According to the Ninth Circuit's reasoning, an e-mail message included in such a backup is in "electronic storage" only until the underlying message is deleted: "Where the underlying message

14

has expired in the normal course, any copy is no longer performing any backup function."  Theofel, 359 F.3d at 1076.  Thus, under Theofel, a user who has deleted an e-mail message will be unprotected from disclosure of copies of the e-mail which had been made previously for purposes of backup protection.  In contrast, the government believes that if a service provider makes backup copies of e-mail being stored incident to transmission, such storage will remain "electronic storage" pursuant to § 2510(17)(B).

In addition, Theofel's broad interpretation of "electronic storage" was explicitly rejected by the United States District Court for the Middle District of Georgia in In re Grand Jury Subpoena Issued Pursuant to 18 U.S.C. Section 2703(b)(1)(B) at 6-7 (attached as Exhibit 4) (adopting the narrow interpretation of "electronic storage" and stating that "this Court chooses not to follow the Ninth Circuit interpretation of this statutory scheme.").  See also Snow v. DIRECTTV, 2005 WL 1226158, at *3 (stating that "Congress intended precisely this limited definition" of "electronic storage"); Orin S. Kerr, A User's Guide to the Stored Communications Act, and a Legislator's Guide to Amending It, 72 Geo. Wash. L. Rev.  1208, 1217 & 1217 n.61 (2004) (explaining why "Theofel is quite implausible and hard to square with the statutory text").  This Court should reject Theofel and confirm that the "backup" portion of "electronic storage" is limited to storage by an ISP for its own actual backup protection.  It does not include more general storage of files by an ISP on behalf of a customer, based on the possibility that such storage could potentially provide a second copy of a file stored on a user's computer.

III.    The More Tailored Interpretation of "Electronic Storage" Is Confirmed by the SCA's Legislative History

15

The SCA's legislative history confirms that previously accessed e-mail is not in "electronic storage." In the course of considering the prohibitions on voluntary disclosure by network service providers of customer communications contained in § 2702 of the SCA, the drafters of the SCA in 1986 explicitly considered what would happen when a recipient of e-mail kept a copy of the e-mail on his ISP's server after receipt:

> Sometimes the addressee, having requested and received a message, chooses to leave it in storage on the service for re-access at a later time. The Committee intends that, in leaving the message in storage, the addressee should be considered the subscriber or user from whom the system received the communication for storage, and that such communication should continue to be covered by section 2702(a)(2).

H.R. Rep. No. 99-647, at 65 (1986) (emphasis added). Critically, § 2702(a)(2) prohibits disclosure of communications stored by a remote computing service rather than communications in "electronic storage" in an electronic communication service (which are covered by § 2702(a)(1)). The House Report in effect says the following: when a customer opens an e-mail message and leaves a copy on the ISP server, the copy is subsequently treated as a communication maintained by a remote computing service.[5]

---

[5]   In Theofel, the Ninth Circuit focused on the word "continue" in this passage, speculating that its usage implied that § 2702(a)(2) applied to both opened and unopened e-mail. The Ninth Circuit then concluded that this passage from the House Report supported its broad interpretation of "electronic storage," because "[i]f section 2702(a)(2) applies to e-mail even before access, the committee could not have been identifying an exclusive source of protection." Theofel, 359 F.3d at 1077. However, the Ninth Circuit has misunderstood the House Report. It is clear that § 2702(a)(1), which protects communications in "electronic storage," protects e-mail before access by its recipient. However, § 2702(a)(2) cannot protect e-mail before it has been accessed, as it protects only communications maintained "solely for the purpose of providing storage

Subsequent legislative history confirms Congress's continued understanding that previously delivered e-mail maintained by an ISP is not in electronic storage. In 2000, Congress considered and rejected amending the definition of electronic storage to include "any storage of an electronic communication by an electronic communication service without regard to whether the communication has been accessed by the intended recipient." See H.R. Rep. No. 106-932, at 7 (2000) (emphasis added). The drafters of this amendment understood that previously accessed e-mail did not fall within the scope of § 2510(17).

In addition, the House Report on the USA Patriot Act, Pub. L. No. 107-56, 115 Stat. 272 (2001), demonstrated Congress's narrow understanding of the term "electronic storage." In the course of discussing an amendment to the SCA allowing for nationwide service of § 2703(a) warrants, the Report states that "2703(a) requires a search warrant to compel service providers to disclose unopened e-mails." H.R. Rep. No. 107-236(I), at 57 (2001) (emphasis added). Because warrants under § 2703(a) are required only for electronic communications in "electronic storage," this statement is further evidence that Congress did not intend opened e-mail to fall within the scope of "electronic storage."

---

or computer processing services," not transmission service. See 18 U.S.C. § 2702(a)(2)(B). Thus, the House Report is describing how the different components of § 2702 protect unopened and opened e-mail. First, § 2702(a)(1) protects unopened e-mail, and § 2702(a)(2) in turn provides continued protection for the e-mail after it has been accessed. Thus, e-mail before access is in electronic storage, and accessed e-mail is maintained by a remote computing service.

17

**Conclusion**

For the foregoing reasons, this Court should hold that previously accessed subscriber e-mail stored by a service provider is not in "electronic storage" within the scope of 18 U.S.C. § 2510(17).  Consequently, this Court should issue an order requiring Microsoft/MSN to comply with the trial subpoena and produce the communications specified in Exhibit 1.


Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY


/s/ Elly M. Peirson
Elly M. Peirson
Assistant United States Attorney
Illinois Bar No. 6298075
318 South Sixth Street
Springfield, IL 62701
Telephone: (217) 462-4450
Facsimile: (217) 492-4512
elly.peirson@doj.gov

18

## **CERTIFICATE OF SERVICE**

I certify that I have served a copy of the following Government's Motion to

Compel on the following by United States mail on June 25, 2009:

Richard Sauer, Associate General Counsel
Gina Lombardi, Law and Corporate Affairs
Microsoft Corporation
One Microsoft Way
Redmond, WA 98052-6399
Fax: (425) 708-5214

/s/ Elly M. Peirson

I hereby certify that on June 25, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Mr. Peter Wise
Gates, Wise & Schlosser
1231 S. 8th Street
Springfield, IL  62703-2516
peter@gwspc.com

/s/ Elly M. Peirson