# UNITED STATES DISTRICT COURT

CENTRAL     DISTRICT OF     ILLINOIS

UNITED STATES OF AMERICA

V.

JUSTIN WEAVER

**SUBPOENA IN A CRIMINAL CASE**

Case Number: 09-30036

TO:     MSN Hotmail
Attn: Custodian of Records
1065 La Avenida, Building 4
Mountain View, CA 94043
Fax: 425-708-0096

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| United States Federal Building & Courthouse<br>600 East Monroe Street<br>Springfield, Illinois 62701 | Judge Jeanne E. Scott |
| | DATE AND TIME |
| | July 7, 2009 |

☒ YOU ARE ALSO COMMANDED to produce the following document(s) or object(s):

All customer or subscriber account information for any and all accounts for the following email account: radar_rfr15@hotmail.com. For each such account, the information shall include the subscriber's:

1. Name
2. Address
3. Local and long distance telephone toll billing records
4. Records of session times and durations
5. Length of service (including start date) and types of service utilized,
6. Telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address such as an Internet Protocol Address
7. Means and source of payment for such service (including any credit card or bank account number)

For each such account, the information shall also include the contents of electronic communications (not in "electronic storage" as defined by 18 U.S.C. § 2510(17)) held or maintained by your company for the use of the account from December 31, 2008 to the present. Contents of communications not in "electronic storage" include the contents of previously opened or sent email. The government does not seek to compel disclosure of unopened email in the account.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT<br>*Pamela E. Robinson*<br>(By) Deputy Clerk *C. Cottcock* | DATE<br>May 15, 2009 |
|---|---|

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Elly M. Peirson, Assistant United States Attorney
600 East Monroe Street
Springfield, Illinois 62701
Phone: 217-492-4450

**GOVERNMENT EXHIBIT 1**

| PROOF OF SERVICE |||
|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) MSN Hotmail || FEES AND MILEAGE TENDERED TO WITNESS  ☐ YES   ☐ NO   AMOUNT $ _____ |
| SERVED BY (PRINT NAME) Stacy Booth || TITLE Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information

Executed on      5/19/09
                    DATE

SIGNATURE OF SERVER

318 S. Sixth Street, Springfield, IL 62701
ADDRESS OF SERVER

ADDITIONAL INFORMATION

```
*  *  *  COMMUNICATION RESULT REPORT ( MAY.19.2009  2:09PM ) *  *  *
                                                    TTI   U.S. ATTY'S OFFICE

FILE MODE         OPTION              ADDRESS (GROUP)         RESULT         PAGE
-----------------------------------------------------------------------------------
793  MEMORY TX                        914257080096            OK             P. 4/4


REASON FOR ERROR
    E-1) HANG UP OR LINE FAIL              E-2) BUSY
    E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
```

# FAX TRANSMISSION

United States Attorney
Central District of Illinois
318 South Sixth Street
Springfield, IL 62701



| | |
|---|---|
| To | MSN Hotmail<br>Attn: Custodian of Records<br>1065 La Avenida, Building 4<br>Mountain View, CA 94043<br>Fax: 425-708-0096 |
| From | Elly Peirson<br>Assistant United States Attorney |

**Voice** (217) 492-4450

Microsoft Corporation
One Microsoft Way
Redmond, WA 98052-6399

Tel 425 882 8080
Fax 425 936 7329
http://www.microsoft.com/

June 18, 2009

Elly N. Pierson
Assistant United States Attorney
600 East Monroe Street
Springfield, IL 62701

Re:    Subpoena to disclose Hotmail records

Dear Ms. Pierson:

Microsoft is in receipt of the Subpoena in a Criminal Case issued out of the Central District of Illinois dated June 17, 2009, which seeks the disclosure of all opened and sent subscriber email of a particular Hotmail account – including those that have been in the account for fewer than 181 days. Microsoft is compelled to advise you and the court of adverse authority that would preclude full compliance if applied to this matter.

Specifically, the United States Court of Appeals for the Ninth Circuit has deemed opened email to be in electronic storage for backup preservation. *See Theofel v. Farey-Jones,* 359 F.3d 1066 (9th Cir. 2003). Accordingly, to compel production of all such communications, the government would be required to obtain a warrant issued using the procedures described in the Federal Rules of Criminal Procedure per 18 U.S.C. 2703(a). Because Microsoft's headquarters reside in the Ninth Circuit and compliance with the subpoena would also occur in the Ninth Circuit, we object to the subpoena as written.

Microsoft understands that the government believes that *Theofel* does not apply outside the Ninth Circuit and that you will move to compel production of the requested email. Please include a copy of this letter with your motion so the court will be apprised of the adverse authority and the good faith basis of Microsoft's objection.

We hope this explains our position clearly and that you appreciate that Microsoft is committed to assisting law enforcement in these investigations within the bounds of the law as we understand it.

Please let me know if you have any concerns with this approach.

Sincerely,

Richard Sauer
Associate General Counsel
Microsoft Corporation
(425) 703-5537


GOVERNMENT EXHIBIT 2

Microsoft Corporation is an equal opportunity employer.



U.S. Department of Justice

United States Attorney
Central District of Illinois
Headquarters Office

---

*Rodger A. Heaton*  318 S. Sixth Street  TEL: (217) 492-4450
*United States Attorney*  Springfield, IL 62701-1806  FAX: (217) 492-4512

May 13, 2009

Mr. Peter Wise
Gates, Wise & Schlosser
1231 S. 8th Street
Springfield, IL  62703-2516

    Re:   Justin Weaver

Dear Mr. Wise:

    This letter is to inform you that the United States will use a federal trial subpoena pursuant to F.R.Cr.P. 17(c) to require the service provider Microsoft Online Services 1065 La Avenida Building, Mountain View, CA 94043, to disclose the contents of any electronic communication held or maintained on behalf of your client Justin D. Weaver.

    This letter has been provided pursuant to 18 U.S.C. § 2703(b)(1)(B).

                              Very truly yours,

                              RODGER A. HEATON
                              UNITED STATES ATTORNEY



                              Elly M. Peirson
                              Assistant United States Attorney

EMP/smb
enclosure



FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE GEORGIA
MIDDLEDISTRICT OF GEORGIA      06 JUN 21  AM 9: 45
ALBANY DIVISION

WKS
DEPUTY CLERK

| | |
|---|---|
| IN THE MATTER OF A GRAND : | |
| JURY SUBPOENA ISSUED : | |
| PURSUANT TO TITLE 18, : | CASE NO: |
| UNITED STATES CODE, : | |
| SECTION 2703( b)(1)(B) : | UNDER SEAL |

## ORDER GRANTING MOTION TO UNSEAL

The United States of America having moved to unseal the Court's Order dated April 29, 2005, and the same having been read and considered, the same is hereby GRANTED. The clerk is directed to unseal the Motion to Compel Compliance, the Court's Order, together with this Motion to Unseal and Order, and to mark the same "Unsealed" as of this date.

SO ORDERED this 21st day of June, 2006.

W. LOUIS SANDS
CHIEF UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF GEORGIA

PRESENTED BY:

/S JIM CRANE
ASSISTANT U.S. ATTORNEY


GOVERNMENT EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

IN THE MATTER OF A GRAND JURY :
SUBPOENA ISSUED PURSUANT TO :
TITLE 18, UNITED STATES CODE, :
SECTION 2703(b0(1)(B) : CASE NO:
: UNDER SEAL
:

## ORDER

The United States of America (the "Government") moves this Court to issue an order compelling the compliance by MSN Hotmail ("Hotmail") with a grand jury subpoena issued pursuant to 18 U.S.C. § 2703(b)(1)(B) for the subscriber information listed in Exhibit 1 to the subpoena.

Hotmail opposes complying with the subpoena.[1] Hotmail argues that the files in question are located in California and that controlling Ninth Circuit precedent requires a search warrant in order for the Government to obtain the items in question. As explained in more detail below, the Government argues to the contrary that the material sought is subject to a grand jury subpoena. Hotmail states that it has every desire to cooperate in the Government's criminal investigation but believes in good faith that a search warrant is required. Hotmail, however, has stated that if ordered to comply with the subpoena it would not otherwise object. See, Letter from Hotmail.

The current investigation involves the offering and transmission of child pornography via

---

[1]. Technically, Hotmail has not filed a pleading in opposition to the subpoena, but has responded by letter to the Government wherein it explains its position. The Government attached a copy of the letter to its instant motion.

1

the internet. On November 30, 2004, Michael Aaron O'Keefe ("O'Keefe") was convicted by a jury in the United States District Court for the Middle District of Georgia of offering and advertising child pornography in violation of 18 U.S.C. § 2251(c), receiving child pornography in violation of 18 U.S.C. § 2252(a)(2), and possessing child pornography in violation of 18 U.S.C. § 2252(a)(4). Essentially, O'Keefe formed a website containing images of child pornography. In order for a third party to have access to the images, the third party would have to email O'Keefe three images of child pornography. Upon receipt the third party would have access to all of the images on O'Keefe's website. O'Keefe's website was in operation for approximately 18 days before a federal investigation ensued and the internet service provider ("ISP") shut down the site. During that period there were more than 350 requests for membership of which O'Keefe granted membership to the site to 38 individuals. In other words, those 38 individuals allegedly provided O'Keefe with at least three images of child pornography in order to attain membership.

Five of those 38 members were discovered by agents of Immigration and Customs Enforcement ("ICE") to have utilized email accounts provided by MSN Hotmail. The five accounts, and the accounts subject to the grand jury subpoena, are:

jbanks6969@hotmail.com
kdejjrhgodslkikth@hotmail.com
mpsutherland@hotmail.com
susieis12@hotmail.com
urmygodess@hotmail.com

On January 24, 2005, a grand jury sitting in the Middle District of Georgia issued a subpoena to Hotmail seeking the contents of wire or electronic communications in those Hotmail accounts. The subpoena, however, excepted from its scope unopened incoming communications not more than 180 days old. The Government also complied with the delayed notice procedure

2

of 18 U.S.C. § 2705(a)(1).

Hotmail partially complied with the subpoena. Hotmail produced all communications that were more than 180 days old. Hotmail has failed to produce opened communications that were less than 181 days old. Hotmail's failure to produce is premised on the holding of Theofel v. Farey-Jones, 359 F.3d 1066 (9th Cir. 2004), cert. Denied, 125 S.Ct. 48 (2004), which requires a search warrant for the unproduced communications.

## DISCUSSION

The question before the Court is whether the an ISP can be compelled to produce copies of previously opened email communications pursuant to a grand jury subpoena issued pursuant to 18 U.S.C. § 2703(b)(1)(B). The key to resolving this issue is understanding the meaning of "electronic storage" as that term is defined in 18 U.S.C. § 2510(17).

This case involves the intersection of two statutory provisions; the Wire and Electronic Communications Interception and Interception of Oral Communications Act ("Wiretap Act"), 18 U.S.C. §§ 2510 *et. seq.*, and the Stored Wire and Electronic Communications and Transactional Records Access Act ("Stored Communications Act"), 18 U.S.C. §§ 2701 *et. seq.* The Stored Communications Act governs the disclosure by subpoena or warrant electronic communications maintained on computers. The Wiretap Act governs the prohibition of disclosure of electronic and wire communications in general. Section 2711 of the Stored Communications Acts refers the reader to § 2510 of the Wire Tap Act for definitions. 18 U.S.C. § 2711.

Section 2703 provides the statutory authority for government access to electronic communications (emails) maintained or transmitted by computer. Section 2703(a) provides that the government may require disclosure of emails from a internet service provider ("ISP"):

3

that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant. A governmental entity may require the disclosure by a provider of electronic communications services of the contents of a wire or electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days by the means available under subsection (b) of this section.

18 U.S.C.A. § 2703.

Subsection (b) provides:

(b) Contents of wire or electronic communications in a remote computing service.--(1) A governmental entity may require a provider of remote computing service to disclose the contents of any wire or electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection--

(A) without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant; or

(B) with prior notice from the governmental entity to the subscriber or customer if the governmental entity--

(i) uses an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena; or

(ii) obtains a court order for such disclosure under subsection (d) of this section;

except that delayed notice may be given pursuant to section 2705 of this title.

18 U.S.C.A. § 2703(b).

Section 2703(b)(2) provides:

(2) Paragraph (1) is applicable with respect to any wire or electronic communication that is held or maintained on that service--

(A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such remote computing service; and

4

> (B) solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

18 U.S.C.A. § 2703(b)(2).

Under § 2703, a plain reading of the statute reveals that a warrant is required if the communication sought by the government "is in electronic storage." 18 U.S.C. § 2703(a). A warrant can be used but is not required for communications that are "held or maintained" by the ISP "on behalf of ... a subscriber or customer" and the ISP provider maintains the communication "solely for the purpose of providing storage or computer processing services to such subscriber or customer." 18 U.S.C. § 2703(b)(2).

At first glance it seems that the phrase "electronic storage" and "storage" in § 2703(a) and § 2703(b)(2) mean the same thing. "Electronic storage," however, has a distinct definition and that definition is found in the Wiretap Act. Section 2510(17) defines "electronic storage" as:

> (A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and
>
> (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication.

18 U.S.C. § 2510(17).

"Electronic storage," therefore, is the storage of an email that is incidental to transmission and for the purposes of backup protection of the ISP. "Storage" as used in § 2703(b) is storage provided **solely for the purpose of storage for the customer or subscriber.** Therefore, a warrant is required for emails held by the ISP that are maintained as an incident of transmission

5

and for the purposes of backup of the system. A subpoena can be used to obtain emails of a subscriber that are maintained by the ISP for storage for the customer.

In Theofel v. Farley-Jones, 359 F.3d 1066 (9th Cir. 2004), cert. denied, 125 S.Ct. 48 (2004), the Ninth Circuit while recognizing the distinctive definition of "electronic storage" found that storage of any email, after access, for backup, either for the ISP or the subscriber constituted electronic storage, and thereby, requiring a warrant for its production. The Court noted that other courts and the government had taken a contrary view. Fraser v. Nationwide Mutual Ins. Co., 135 F.Supp.2d 623 (E.D. Pa. 2001); In re Doubleclick Inc. Privacy Litigation, 154 F.Supp.2d 497 (S.D.N.Y. 2001).[2] It does not appear that any court in the Eleventh Circuit has addressed this issue.

Further evidence that the Government's interpretation of this statutory scheme is illustrated by further code sections. Section 2704 allows the government to request the ISP to create a backup copy of the "contents of the electronic communications sought" in order to preserve the evidence. 18 U.S.C. § 2704(a). If the information sought was maintained for purposes of backup of the ISP system this section would be redundant. Likewise, Section 2702 which provides for limited voluntary disclosure also makes the distinction between emails in "electronic storage" and emails stored on behalf of the customer and subscriber. 18 U.S.C. § 2702.

Therefore, this Court chooses not to follow the Ninth Circuit interpretation of this

---

[2]. Though not an issue, these Courts and the Government draw a distinction between "opened" and "unopened" emails, stating essentially that unopened emails may require a warrant. The Government is not seeking disclosure of unopened emails, and therefore, the Court does not opine on whether such emails are accessible via a subpoena or a warrant.

statutory scheme as persuasive authority. The unopened emails in question and maintained by Hotmail are not in "electronic storage" and therefore, may be compelled to produce the emails through a grand jury subpoena. Further, the Court finds that the Ninth Circuit interpretation of whether the emails are accessible via a subpoena is not controlling in this situation as the grand jury subpoena was issued pursuant to this Court's authority and can be enforced through its authority.

The Government's request to enforce the grand jury subpoena is **GRANTED.** Further, Hotmail is ordered not to notify the customers or subscribers of the enforcement of the subpoena or the production of the emails in question, unless such notification is in compliance with the delayed notification provisions of 18 U.S.C. § 2705.

**SO ORDERED,** this 2day of April, 2005.

W. LOUIS SANDS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

7