IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No.  09-30036 |
| ) | |
| JUSTIN D. WEAVER, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Government's Motion to Compel Compliance With Subpoena to Produce Documents (d/e 12) (Motion).  For the reasons stated below, this Motion is allowed.

## FACTS

In pursuing a child pornography charge against Defendant Justin Weaver, the Government sought to discover the contents of emails it believes Weaver sent or received at a Microsoft/MSN Hotmail account. The Government submitted a trial subpoena for the records to the Clerk of Court on May 15, 2009, and the Clerk issued the subpoena the same day. On May 19, 2009, the Government executed the subpoena by faxing it to

1

Microsoft/MSN (Microsoft), which accepts such service. The subpoena stated that the Government sought to compel production of "the contents of electronic communications (not in 'electronic storage' as defined by 18 U.S.C. § 2510(17))" and specified that the "[c]ontents of communications not in 'electronic storage' include the contents of previously opened or sent email." Motion, Exhibit 1, Subpoena. According to the Government, Microsoft produced some of the information requested, but it failed to produce the content of previously accessed, viewed, or downloaded emails that had been stored for fewer than 181 days. The Government now has moved to compel production of the contents of these emails.

Neither Weaver nor Microsoft has responded to the Government's Motion, but Microsoft asked the Government to include a letter with the Government's Motion. Microsoft's associate general counsel wrote this letter to the Government explaining that it objected to the Government's subpoena to the extent that it requested material that the Ninth Circuit Court of Appeals has held requires a warrant. Motion, Exhibit 2, Letter. Microsoft asserts that because its headquarters are located within the Ninth Circuit, it must comply with Ninth Circuit precedent. The Government disagrees with Microsoft's position and has asked the Court to compel

2

Microsoft to produce the materials it requested.

## ANALYSIS

The issue here is whether a court can compel an Internet Service Provider (ISP), such as Microsoft, to comply with a trial subpoena and produce the contents of a subscriber's opened emails which are less than 181 days old. Based on provisions of the Stored Wire and Electronic Communications and Transactional Records Access Act (Stored Communications Act), 18 U.S.C. § 2701, *et seq.*, and the Wire and Electronic Communications Interception and Interception of Oral Communications Act (Wiretap Act), 18 U.S.C. § 2510, *et seq.*, a Court can.

The Stored Communications Act governs the disclosure of electronic communications maintained on computers. It sets forth the methods by which the Government may obtain electronic communications, such as email messages, from electronic communication services and providers of remote computing services. Here, Microsoft acted as both an electronic communication service and a provider of remote computing services.[1]

---

[1] An electronic communication service is "any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15); 18 U.S.C. § 2711 (1) (making the Wiretap Act's definitions applicable to the Stored Communications Act). A provider of remote computing services provides "to the public . . . computer storage or processing services by means of an electronic communications system." 18 U.S.C. § 2711(2).

Under section 2703, governmental entities must use a warrant to obtain certain types of electronic communications, but they can access others using only a trial subpoena. Subsection (a), which sets out the warrant requirement, provides:

> A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant.

18 U.S.C. § 2703(a). Where an electronic communication "has been in electronic storage in an electronic communications system" for at least 181 days, only a trial subpoena is necessary. Id. Further, only a trial subpoena is necessary for:

> any wire or electronic communication that is held or maintained on [a remote computing] service--
>
> (A)   on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from) a subscriber or customer of such remote computing service; and
>
> (B)   solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such

4

communications for purposes of providing any services other than storage or computer processing.

18 U.S.C. § 2703(b)(2). Thus, for emails less than 181 days old, the question of whether a warrant is necessary turns on whether the emails are "in electronic storage" or are "held or maintained . . . solely for the purpose of providing storage or computer processing services to [the] subscriber or customer." Compare 18 U.S.C. § 2703(a) with 18 U.S.C. § 2703(b)(2). If the emails the Government requested here are in electronic storage, Microsoft need not produce them without a warrant, but if they are held or maintained solely to provide the customer storage or computer processing services, Microsoft must comply with the Government's subpoena.

This determination turns on the difference between "electronic storage" and "storage." Compare 18 U.S.C. § 2703(a) with 18 U.S.C. § 2703(b)(2). Under the Stored Communications Act, these similar terms are not the same. The Stored Communications Act refers back to the Wiretap Act for definitions. 18 U.S.C. § 2711. The Wiretap Act does not define "storage," but it defines "electronic storage" as:

> (A)   any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and

>  (B)  any storage of such communication by an electronic communication service for purposes of backup protection of such communication . . . .

18 U.S.C. § 2510(17).  Because the emails here have been opened, they are not in temporary, intermediate storage incidental to electronic transmission.  See Theofel v. Farey-Jones, 359 F.3d 1066, 1075 (9th Cir. 2004); In re DoubleClick Inc. Privacy Litig., 154 F.Supp.2d 497, 512 (S.D.N.Y. 2001).  The question is whether the emails are in storage "for purposes of backup protection," in which case they are in "electronic storage" and protected by the warrant requirement.  Theofel, 359 F.3d at 1075.

The Seventh Circuit has not addressed this issue, but Microsoft relies on a Ninth Circuit case to assert that the requested emails are in storage for backup protection.  In Theofel v. Farey-Jones, a civil defendant subpoenaed emails held on the ISP of the plaintiffs' employer.  Theofel, 359 F.3d at 1071.  The ISP granted the defendant's attorneys access to emails that remained on its server after users received them through their workplace email program.  Id. at 1075.  The Ninth Circuit concluded that this production violated the Stored Communications Act, in part because it found that the emails were stored for backup protection and thus were in electronic storage.  Id. at 1071.  According to the Ninth Circuit:

> An obvious purpose for storing a message on an ISP's server after delivery is to provide a second copy of the message in the event that the user needs to download it again -- if, for example, the message is accidentally erased from the user's own computer. The ISP copy of the message functions as a "backup" for the user. Notably, nothing in the Act requires that the backup protection be for the benefit of the ISP rather than the user. Storage under these circumstances thus literally falls within the statutory definition.

Id. at 1070. The Ninth Circuit held that once a user receives an email, any version on the ISP's server is a copy that is being stored for backup until the user's version "expire[s] in the normal course." Id. at 1070.

The Ninth Circuit's reasoning here relies on the assumption that users download emails from an ISP's server to their own computers. That is how many email systems work, but a Hotmail account is "web-based" and "remote." Fischer v. Mt. Olive Lutheran Church, Inc., 207 F.Supp.2d 914, 917 (W.D. Wis. 2002). Hotmail users can access their email over the web from any computer, and they do not automatically download their messages to their own computers as non-web-based email service users do. See James X. Dempsey, Digital Search & Seizure: Standards for Government Access to Communications and Associated Data, 970 PLI/Pat 687, 707 (2009). Instead, if Hotmail users save a message, they generally leave it on the Hotmail server and return to Hotmail via the web to access it on subsequent

7

occasions. Id.[2]

The distinction between web-based email and other email systems makes Theofel largely inapplicable here. As the Ninth Circuit acknowledged in Theofel itself, "A remote computing service might be the only place a user stores his messages; in that case, the messages are not stored for backup purposes." Theofel, 359 F.3d at 1070. Users of web-based email systems, such as Hotmail, default to saving their messages only on the remote system. A Hotmail user can opt to connect an email program, such as Microsoft Outlook, to his or her Hotmail account and through it download messages onto a personal computer, but that is not the default method of using Hotmail.[3] Thus, unless a Hotmail user varies from default use, the remote computing service is the only place he or she stores messages, and

---

[2]This article explains the distinction between web-based and other email systems as follows:
> In the past, particularly at the time when [the Stored Communications Act] was written, many email users accessed their email by downloading it onto their personal computers. That process often resulted in the deletion of the email from the computers of the service provider. Now, many users' email, especially their private as opposed to business email -- including email that has been read but which still has value to the user -- sits on a third party server accessible via the Web.

Dempsey, supra, at 707.

[3]For information on the use of Hotmail and Outlook together, see http://www.microsoft.com/downloads/details.aspx?FamilyID=9A2279B1-DF0A-46E1-AA93-7D4870871ECF&displaylang=en.

Microsoft is not storing that user's opened messages for backup purposes. Instead, Microsoft is maintaining the messages "solely for the purpose of providing storage or computer processing services to such subscriber or customer." 18 U.S.C. § 2703(b)(2). In the case of web-based email systems, Theofel generally is distinguishable.

Moreover, to the extent that Theofel is on-point, the Court finds it unpersuasive. The Ninth Circuit's interpretation of storage for backup protection under the Stored Communication Act cannot be squared with legislative history and other provisions of the Act. In 1986, drafters of the Stored Communications Act considered what would happen when an email recipient opened an email but then left it on his ISP's server:

> Sometimes the addressee, having requested and received a message, chooses to leave it in storage on the service for re-access at a later time. The Committee intends that, in leaving the message in storage, the addressee should be considered the subscriber or user from whom the system received the communication for storage, and that such communication should continue to be covered by section 2702(a)(2).

H.R. Rep. No. 99-647, at 65 (1986). Section 2702(a)(2) provides that an entity offering the public remote computing service cannot knowingly divulge to any entity the contents of any communication maintained on the service:

>   (A)   on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such service;
>
>   (B)   solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

18 U.S.C. § 2702(a)(2).  This is the identical language used to describe electronic communications that the Government can obtain by trial subpoena.

Thus, if the Stored Communications Act drafters intended emails a user leaves on an email service for re-access at a later date to be covered by section 2702(a)(2), they also must have intended them to be covered by the Government's trial subpoena power.  Any other reading fails to reconcile these two sections of the statute.  Indeed, the Government has provided the Court two previously sealed opinions in other cases showing that at least two other district courts agree with this reading of the statute.  See Motion, Exhibit 4 (unpublished opinion from the Middle District of Georgia, In re Grand Jury Subpoena Issued Pursuant to 18 U.S.C. § 2703(b)(1)(B), issued April 29, 2005); Notice of Supplemental Authority Re: Government's

<u>Motion to Compel Compliance With Trial Subpoena to Produce Documents (d/e 13)</u>, Exhibit 5 (unpublished opinion from the District of Utah, <u>In re Application of the United States of America for an Order Pursuant to 18 U.S.C. § 2703(d) Directed to Microsoft Corp./MSN, Inc. Relating to a Hotmail Email Account</u>, issued March 10, 2009).

Previously opened emails stored by Microsoft for Hotmail users are not in electronic storage, and the Government can obtain copies of such emails using a trial subpoena.  Microsoft must comply with the Government's subpoena here.

THEREFORE, the Government's Motion to Compel Compliance With Subpoena to Produce Documents (d/e 12) is ALLOWED.

IT IS THEREFORE SO ORDERED.

ENTER:  July 15, 2009

   FOR THE COURT:

                              s/ Jeanne E. Scott
                         JEANNE E. SCOTT
                   UNITED STATES DISTRICT JUDGE